HIRAM GIBBS TO THE USE OF MICHAEL SINGLETON
v.
MARSHALL MANN ADM'R. OF SAMUEL W. ALLEN.

1. Suit may be brought in the *county* court against an administrator, to have a demand allowed against the estate, within one year from the grant of administration, without the plaintiff being liable for costs in case he succeeds—otherwise if brought in the circuit court within the year.

WRIT of error to the circuit court of Marion county.

Opinion of the court delivered by McGIRK, J.*

The plaintiff presented an account to the county court of Marion county against the estate of Allen for allowance. The county court gave judgment against the plaintiff, he appealed to the circuit court where he had judgment for his demand, but the court refused to give him any costs but gave costs against him. The object of the writ of error is to reverse the judgment for costs. The act of the General Assembly of 1825 respecting administrators &c., provides that the probate court shall have power to hear and determine demands against the estates of deceased persons. The 52d 53d and 54th sections point out the mode of bringing demands into court and the mode of trial, and the 54th section declares that the costs of all such trials shall be paid by the party against whom the decision is made. The 52nd section declares that all demands against administrators and executors shall be established by the probate court or by some other court of competent jurisdiction.

_____

*Judge Wash absent.

APRIS TERM
1835.

Gibbs
v.
Mann Adm'r.

The 6th section of the act respecting courts, Revised code 270, provides that the probate court shall hear and determine all demands against executois and administrators when the demand shall not exceed two hundred dollars, and shall have concurrent jurisdiction with the circuit court where the demand shall exceed that sum. Then the 49th sect. of the administration act provides that no executor or administrator shall be compelled to pay debts of the deceased until one year after granting letters of administration &c., and if any person shall bring an action against him within that time, such person although he may obtain judgment for his debt or demand shall pay all the costs of the suit.

The section then provides that no execution shalll issue on such judgment against the goods &c. of the deceased, until the expiration of 18 months after letters of administration were granted. The question made for our consideration is, what is the true construction of these several sections with regard to costs. It is true the 49th section forbids costs to be given to the plaintiff when he brings his action within the year, the legislature have used the word action, and in the place in which it is here used was intended to apply to suits in the circuit court because the latter part of the same section forbids executions to issue on judgments till the expiration of 18 months, no execution could at any time issue on a judgment of the county court. But executions did formerly issue on judgments obtained in the circuit court against administrators.

Suit may be brought in the *county* court against an administrator, to have a demand allowed against the estate, within one year from the grant of administration, without the plff. being liable for costs in case he succeeds—otherwise if brought in the circuit court within the year.

By the subsequent section, the legislature provide a summary mode of proceeding to establish demands in the probate court. They in no instance call these proceedings actions, but call them causes and proceedings, and provide a mode of trial and then declare that in such trials the party recovering shall have costs. It is argued by U. Wright for the defendant that the 49th section is general in its terms and applies to all courts—to the probate court as well as to the circuit court, and that the provision in the 54th section is to be reconciled to the 49th so as to make the sense and meaning of the legislature to be that, no demand can be established in the county court within the year without incurring the penalty of costs. We cannot think the legislature intended this. The two provisions can be well reconciled if we suppose the legislature intended by the word action, to mean a suit commenced and carried on according to the usual forms of law. These forms only belong to the circuit court—in common

8

legislative parlance a summary mode is never called an action. Besides this it seems to us there can be no good reason why the legislature should desire to throw impediments in the way of creditors to establish demands in the county court till the expiration of the year; the costs would be the same within and without the year, and the policy of the law requires that all claims should be exhibited and established as soon as it may be possible. When a demand is established in the county court no execution can issue from the county court against the goods of the deceased to destroy and waste the funds of the estate. At the time this act was passed the practice was, and the law also was, that an execution could issue against the goods and lands of the deceased in the hands of the administrator after the expiration of 18 months, on all judgments obtained in the circuit court; hence the total waste of many estates—no wonder then that the legislature should hold out inducements to creditors to go into the county court where they could recover their costs—the penalty of costs in the circuit court was no doubt intended to induce creditors to resort to the county court, the delay of the execution for 18 months, was intended to be a benefit to the estate—was intended to give time to administrators to turn the effects into money. But this delay of execution was found to be insufficient to prevent estates from destruction—for although the goods might be sold by the administrator and the money not collected, or if collected might be subject to be averaged among creditors, yet the land remained, creditors generally levied their executions on the lands and thus obtained their whole debt to the prejudice of other creditors and the heirs. When the law thus operated it became the legislature to provide some remedy to prevent the destruction of dead men's estates—two remedies obviously presented themselves—the one was to take the execution away entirely, and the other was to transfer the whole jurisdiction for the recovery of debts against executors and administrators to the county courts; to take away the jurisdiction from the circuit court entirely, would be unwise, especially where the amount was large and the cause difficult. For this reason they left the jurisdiction as it was, and took away entirely the execution, so that now there is no such thing as the sale of a deceased man's effects by execution. This is the view which we take of the statute.

The judgment of the circuit court is reversed, and the cause remanded.